# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3355

_____

| | | |
|---|---|---|
| Babray Abdul Hanan, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of an Order of |
| | * | the Board of Immigration Appeals. |
| Alberto Gonzales, Attorney General | * | |
| of the United States of America, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: May 18, 2006
Filed: June 6, 2006

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Babray Hanan's claim under the United Nations Convention Against Torture (CAT) was denied by the Board of Immigration Appeals, and his petition for review was dismissed by this court in July 2004 for lack of subject matter jurisdiction due to his prior convictions for importing heroin and possessing it with intent to distribute. After the Immigration and Naturalization Service (INS) scheduled Hanan for removal, he filed this habeas petition in the district court. Later the Real ID Act of 2005 (RIDA) was enacted, and the petition was transferred to this court. Hanan argues that we now have jurisdiction to consider whether he was improperly denied relief under CAT. We dismiss the petition.

Hanan, a member of the Pashtun ethnic group and a citizen of Afghanistan, was paroled into the United States on March 3, 1980, following the Soviet invasion of Afghanistan. On April 1, 1983, while his asylum application was pending, a jury convicted him and his roommate of importation of heroin and possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 952(a), 960, 841(a)(1). He received concurrent sentences of three years imprisonment. The Fourth Circuit affirmed his convictions but reversed those of his roommate for insufficient evidence. United States v. Samad, 754 F.2d 1091 (4th Cir. 1984). The INS initiated exclusion proceedings because of Hanan's drug convictions, pursuant to 8 U.S.C. § 1182(a)(23) (1980) (recodified at 8 U.S.C. § 1182(a)(2)(A)(i)(II) & (c)), and the immigration judge (IJ) found him excludable as charged. Hanan filed applications for asylum and withholding of deportation, but the IJ denied the applications and Hanan did not appeal.

Due to the conditions in Afghanistan, the INS did not remove Hanan but allowed him to remain temporarily on parole status and provided him work authorization. He filed a motion to reopen his immigration case in 1999 to seek relief under CAT. Hanan's motion to reopen was granted, and he introduced evidence at an October 2002 CAT hearing that warlords controlled Afghanistan, that the allied forces had not made it safe for him to return, and that he would specifically be targeted by the warlords because he is a Pashtun. He testified that his father had briefly returned to Afghanistan but had left again because it was not safe and that he would immediately be recognized if he were forced to return because of his prominent last name and the American traits he has acquired.

The IJ issued an order on October 23, 2002 denying Hanan's application for deferral of removal under CAT and ordering him excluded and deported. The IJ agreed with Hanan that gross violations of human rights had taken place when the Taliban were in control of Afghanistan and found no reason to disbelieve Hanan's testimony. The judge noted, however, that the Taliban were no longer in power, that

allied forces provided protection to the people and government in Kabul, and that Hanan and his family had previously lived in Kabul, the city of the current government which he and his family have supported. The IJ concluded there was no evidence that it would be more likely than not that the current government of Afghanistan or officials acting with the consent or acquiescence of the government would seek to torture Hanan if he were to return. The BIA affirmed the decision without an opinion on April 6, 2004.

Hanan then attempted to petition for review in this court. Because the INS had commenced proceedings against him before April 1, 1997 and the final order of the BIA had been entered on April 6, 2004, the transition rules for judicial review applied to the appeal. IIRIRA § 309(c)(4). We determined that Hanan's heroin convictions deprived this court of jurisdiction over the decision to deny him CAT relief and dismissed his petition for lack of subject matter jurisdiction. See Hanan v. Ashcroft, No. 04-2010 (8th Cir., July 7, 2004); IIRIRA § 309(c)(4)(G). On August 10, 2004 Hanan was scheduled for removal.

Hanan filed this petition for a writ of habeas corpus and motion for a temporary restraining order (TRO) on August 9, 2004, asserting that he had been improperly denied relief under CAT and requesting that he be allowed supervised release from detention during the temporary stay. The district court[1] granted a TRO temporarily enjoining Hanan's deportation while his petition was pending, and the INS agreed not to execute the order of removal and to allow Hanan to remain on supervised release until his habeas petition was resolved.

RIDA became effective on May 11, 2005, and provided that any habeas petition pending in the district courts was to be transferred to the circuit court of appeals. Pub.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

L. 109-13, Div. B., Title I, § 106(c) (2005); Ochoa-Carrillo v. Gonzales, 437 F.3d 842, 846 n. 5 (8th Cir. 2006). Since Hanan had been placed on supervised release pending the resolution of his habeas petition, the district court denied his detention claim as moot before transferring his habeas petition on August 24, 2005.

After transfer of his habeas petition, Hanan filed petitions for writs of coram nobis and audita querela in the United States District Court for the Eastern District of Virginia seeking to overturn or expunge his heroin convictions. He argued that he was innocent of the crimes for which he had been convicted and that he and his family would face extreme hardship if he were deported. The district court denied the petitions, as well as a motion for reconsideration. According to counsel's statement at oral argument, Hanan plans an appeal to the Fourth Circuit.

In this matter Hanan argues that we have jurisdiction to hear the arguments raised in his habeas petition because after RIDA his heroin convictions no longer deprive us of jurisdiction to hear his CAT challenges, that the IJ erred by denying him CAT relief,[2] and that it is more likely than not that he will be tortured if he is forced to return to Afghanistan. He also requests that we withhold our decision pending final resolution of the petitions he filed in Virginia. The government argues that we do not have jurisdiction to hear the arguments raised by Hanan because RIDA only gives this court jurisdiction to hear questions of law or constitutional claims, and it does not eliminate the jurisdictional bar to challenges raised by aliens who have been found guilty of an offense covered by 8 U.S.C. § 1252(a)(2)(C).

RIDA consolidated judicial review of matters pertaining to removal orders in the courts of appeal and expanded appellate jurisdiction to include review of "constitutional claims or questions of law". 8 U.S.C. § 1252(a)(2)(D); Singh v. Gonzales, 432 F.3d 533, 537 (3d Cir. 2006). Hanan's petition alleges that he was

---

[2]An IJ decision affirmed by the BIA without opinion is treated as the final agency decision. Bropleh v. Gonzales, 428 F.3d 772, 775 (8th Cir. 2005).

improperly denied CAT relief because the coalition forces do not control all of Afghanistan, the warring factions continue to persecute Pashtuns, and it is not safe for him to return.[3] These are challenges to factual determinations by the IJ which are supported by the record. Hanan's challenges are therefore not "constitutional claims or questions of law", and we do not have jurisdiction to consider them. 8 U.S.C. § 1252(a)(2)(D); Hamid v. Gonzales, 417 F.3d 642, 647 (7th Cir. 2005).

Since we conclude that we do not have jurisdiction to hear the arguments raised in Hanan's petition, it is unnecessary to consider the alternative argument raised by the government that we also lack jurisdiction because Hanan has been convicted of an offense covered by 8 U.S.C. § 1252(a)(2)(C). But see, e.g., Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005) (holding that RIDA restored jurisdiction in circuit courts to review constitutional claims and questions of law raised by aliens regardless of their criminal records).

Finally, Hanan has not shown a likelihood of prevailing in the protracted proceedings trying to overturn his drug convictions and we deny his request that we withhold ruling on this petition while he seeks to overturn or expunge his convictions. We conclude under the circumstances that there is no good reason for further delay in ruling on this petition.

Because subject matter jurisdiction is lacking, we dismiss the petition for review.

_____

_____

[3]Hanan argues that country reports from the years following the IJ's decision to deny him relief demonstrate that it is more likely than not that he could be subjected to torture if he returns, but these reports are not part of the administrative record. See 8 U.S.C. § 1252(b)(4)(A). He must file a motion with the agency to reopen his case in order for the new country reports to be considered.