# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1203

_____

Babray Hanan,                                    *
                                                 *
            Petitioner,                          *
                                                 *
      v.                                         *    Petition for Review from the
                                                 *    Board of Immigration Appeals.
Michael B. Mukasey,[1] Attorney                  *
General of the United States of                  *
America,                                         *
                                                 *
            Respondent.                          *

_____

Submitted:  November 14, 2007
    Filed:   March 14, 2008

_____

Before MURPHY, HANSEN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Babray Hanan, a citizen of Afghanistan, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his immigration proceedings. For the reasons discussed below, we deny the petition in part and dismiss the remainder for lack of subject matter jurisdiction.

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States of America and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

## I. BACKGROUND

In 1980, Hanan, a member of the Pashtun ethnic group, was paroled into the United States after the Soviet Union invaded Afghanistan.[2] In 1983, a jury convicted Hanan of importation of heroin, in violation of 21 U.S.C. §§ 952(a) and 960, and possession of heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Hanan received concurrent sentences of three years' imprisonment. He was released after serving twenty-two months. In 1984, the Immigration and Naturalization Service ("INS") began exclusion proceedings because of Hanan's conviction. Hanan filed applications for asylum and withholding of deportation. The Immigration Judge ("IJ") denied these applications. The INS, however, did not remove Hanan because of the political difficulties between the United States and Afghanistan. Instead, it permitted Hanan to remain temporarily in the United States on parole status.

In 1999, Hanan filed a motion to reopen his immigration proceedings to seek relief under the Convention Against Torture ("CAT"). His motion to reopen was granted. In a 2002 hearing, Hanan presented evidence that the Taliban rose to power after the Soviet Union left Afghanistan and that the Taliban harbored terrorist groups. Hanan believed he would be targeted for torture by the Taliban authorities if he returned to Afghanistan based on his Pashtun ethnicity. On October 23, 2002, the IJ denied Hanan's application for deferral of removal under CAT and ordered him deported. The IJ determined that the Taliban was no longer in power and that the allied forces protected the Kabul population, where Hanan previously lived. On April 6, 2004, the BIA affirmed this decision.

Hanan attempted to file a petition for review in this court before the REAL ID Act of 2005 was enacted. On July 7, 2004, we dismissed his petition for lack of

---

[2]A more detailed factual background can be found in this court's previous decision of *Hanan v. Gonzales*, 449 F.3d 834 (8th Cir. 2006).

subject matter jurisdiction. *See Hanan v. Ashcroft*, No. 04-2010 (8th Cir. July 7, 2004). Hanan's heroin convictions classified him as a "criminal alien" under 8 U.S.C. § 1252(a)(2)(C), and prior to the REAL ID Act, we lacked jurisdiction over a petition for review from a final order of removal of a criminal alien. *See* 8 U.S.C. § 1252(a)(2)(C) (1996) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . § 1227(a)(2)(B) . . . ."). On August 9, 2004, Hanan filed a petition for a writ of habeas corpus and a motion for a temporary restraining order. The district court granted a temporary restraining order that permitted Hanan to stay in the United States while his habeas petition was pending. In 2005, the REAL ID Act was enacted and gave us jurisdiction to review "constitutional claims or questions of law" brought by criminal aliens. *See* 8 U.S.C. § 1252(a)(2)(D). Hanan's habeas petition was transferred to this court from the district court. *See* REAL ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (codified at 8 U.S.C. § 1252 note).

A panel of this court dismissed Hanan's habeas petition for lack of subject matter jurisdiction. *Hanan v. Gonzales*, 449 F.3d 834 (8th Cir. 2006). While the REAL ID Act gave the panel jurisdiction to review constitutional claims and questions of law, the panel held that Hanan only challenged the IJ's factual determinations. *Id.* at 837. The panel refused to consider country reports for years after the IJ's decision submitted by Hanan because the reports were not part of the administrative record. *Id.* at 837 n.3. The panel stated that Hanan would need to file a motion to reopen his case to include those reports in the administrative record. *Id.*

Following the panel's directive, Hanan filed a motion to reopen his immigration proceedings in order to have the more recent country reports considered. He argued that although the United States-led coalition forces removed the Taliban in 2001, these coalition forces do not control the entire country of Afghanistan. Instead, the warlord forces in Afghanistan target and abuse Pashtuns, and the Taliban has since returned

to continue fighting. He claims that he is likely to suffer torture if he returns to Afghanistan because he opposes the Taliban. The Taliban would also target him because he resided in the United States for many years and he is a Pashtun. According to Hanan, the Taliban is opposed to people who accept the Western lifestyle and targets Pashtuns to torture and kill them. With the Taliban's and warlords' continued presence, Hanan argued that the Afghan government could not provide security to its citizens throughout the country.

On December 29, 2006, the BIA denied his motion to reopen. It first found that the motion was untimely under 8 C.F.R. § 1003.2(c) because it was filed more than ninety days after the BIA's decision. It then acknowledged that it may still consider the motion if the motion "[t]o apply or reapply for asylum or withholding of deportation [was] based on changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA held that Hanan did not demonstrate that this exception applied to his motion. It found that Hanan only generally stated that he feared the Taliban and that he did not connect his "very generalized fear of return to the evidence of country conditions submitted with his motion." The BIA also noted that "he has not demonstrated that the Afghanistan government acquiesces, consents, or participates in torture committed by the Taliban or against persons of Pashtun ethnicity or who have had lengthy residence in the United States." Hanan filed a petition for review in this court.

## II.    DISCUSSION

As an initial matter, we must determine whether we have jurisdiction to review the BIA's denial of Hanan's motion to reopen. Generally, we have jurisdiction to review "a final order of removal." 8 U.S.C. § 1252(a)(1). "Implicit in the grant of authority to review a final BIA order is the authority to review an order denying a motion to reopen the final order." *Jalloh v. Gonzales*, 423 F.3d 894, 895 (8th Cir. 2005). However, our jurisdiction to review final orders of removal and denials of

motions to reopen final orders is limited. If an alien is a criminal alien under 8 U.S.C. § 1252(a)(2)(C), our jurisdiction to review his denial of a motion to reopen a final order of removal is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C)-(D); *see Cruz v. Attorney Gen. of the United States*, 452 F.3d 240, 246-47 (3d Cir. 2006) ("[I]f an alien is removable for having committed one of the offenses enumerated in 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a denial of a motion to reopen, except to the extent that it raises constitutional claims or questions of law."). We review constitutional claims and questions of law de novo. *See Mohamed v. Gonzales*, 477 F.3d 522, 525 (8th Cir. 2007).

Hanan acknowledges that he is a criminal alien under 8 U.S.C. § 1252(a)(2)(C), but he argues that his petition raises a constitutional claim because the BIA violated his due process rights when it denied his motion to reopen.[3] Hanan's due process argument primarily consists of his claim that the BIA incorrectly found that Hanan did not show changed circumstances to permit the BIA to consider his untimely motion to reopen. We reject Hanan's attempt to characterize a factual question as a constitutional question. *See Mouawad v. Gonzales*, 485 F.3d 405, 411 (8th Cir. 2007) (dismissing, in part, for lack of jurisdiction because Mouawad did not "raise any colorable constitutional challenges or questions of law as to the IJ's determinations that Mouawad failed to meet the deadline and failed to show sufficient extraordinary or changed circumstances"). We lack jurisdiction to review factual findings. *See Purwantono v. Gonzales*, 498 F.3d 822, 824 (8th Cir. 2007) ("Whatever the precise scope of the 'constitutional claims or questions of law' under the terms of the REAL ID Act, the statute's conferral of jurisdiction does not extend to review of the agency's findings of fact . . . .").

---

[3]Hanan also argues that the BIA erred by not reopening the proceedings on its own motion as permitted by 8 C.F.R. § 1003.2(a). We lack jurisdiction to review this discretionary decision. *See Tamenut v. Mukasey*, No. 05-4418, slip op. at 2 (8th Cir. Mar. 11, 2008) (en banc) (per curiam).

Hanan also argues that the BIA violated his due process rights by failing to consider the country reports and his affidavit that he submitted with the motion to reopen. Because an allegation of wholesale failure to consider evidence implicates due process, we have jurisdiction to review this constitutional question. *See Tun v. Gonzales*, 485 F.3d 1014, 1025 (8th Cir. 2007) (stating that the Fifth Amendment's Due Process Clause entitles an alien to a fair hearing in removal proceedings where he may "fairly present evidence, offer arguments, and develop the record"); *see also* 8 U.S.C. § 1229a(b)(1) ("The immigration judge shall . . . receive evidence . . . ."). However, the BIA specifically mentioned the country reports and Hanan's affidavit in its order and ultimately held that "[Hanan] does not relate his very generalized fear of return to the evidence of country conditions submitted with his motion." The record does not support Hanan's claim that the BIA did not consider his submissions, and we reject his due process argument.

Hanan next raises the legal argument that the BIA used an incorrect definition of acquiescence in its CAT analysis. He contends that the BIA failed to acknowledge that the Afghan government could acquiesce in the torture if it was aware of the torture and failed to intervene. *See* 8 C.F.R. § 1208.18(a)(7) ("Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."). In its order, the BIA first correctly cited 8 C.F.R. § 1208.18, the regulatory provision that includes the full definition of acquiescence. While the BIA did not repeat the definition found in § 1208.18, it then held that "[Hanan] has not demonstrated that the Afghanistan government acquiesces, consents, or participates in torture committed by the Taliban . . . ." We find no support in the record for Hanan's claim that the BIA used the incorrect definition of acquiescence, especially when it cited to the provision containing the correct definition.

## III. CONCLUSION

For the foregoing reasons, we deny Hanan's petition for review regarding his constitutional argument that the BIA did not properly consider the submitted country reports and Hanan's affidavit and his legal argument that the BIA used the incorrect standard for acquiescence. We dismiss the remainder of his petition for lack of subject matter jurisdiction.

_____