**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1071

KESTER IGEMHOKHAI OBOMIGHIE,

                    Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 16, 2012          Decided:  May 10, 2012

Before MOTZ, KING, and DIAZ, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Kester Igemhokhai Obomighie, Petitioner Pro Se.   Jonathan Aaron Robbins, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kester Igemhokhai Obomighie, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reconsider and to reopen. We dismiss the petition for review.

This court reviews the denial of motions to reopen and to reconsider for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006); 8 C.F.R. § 1003.2(a) (2011). A motion to reconsider asserts that the Board erred in its earlier decision, and must specify the error of law or fact warranting reconsideration. See 8 C.F.R. § 1003.2(b)(1). The Board's broad exercise of discretion will be reversed only if its decision "lacked a rational explanation, departed from established policies, or rested on an impermissible basis." Jean, 435 F.3d at 483 (internal quotation marks and citations omitted). The burden is on the movant to establish that reconsideration is warranted. INS v. Abudu, 485 U.S. 94, 110 (1988). In order to prevail, a movant must do more than simply challenge the Board's consideration of the evidence and the resulting decision. See Ogundipe v. Mukasey, 541 F.3d 257, 263 (4th Cir. 2008). The movant must point to a specific error of fact or law in the agency decision. Id.

2

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Further, the motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2). The time and number limits do not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

The Board denied reconsideration because Obomighie did not show that there was an error of law or fact in the earlier decision warranting reconsideration. The Board further found that Obomighie's new evidence did not show a change in country conditions that warranted reopening. The Board also denied Obomighie's claim that he received ineffective assistance of counsel during the proceedings involving the motion to reopen

3

because he did not fulfill the requirements under In re Lozada, 19 I. & N. Dec. 637 (BIA 1988).

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. This court retains jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Obomighie] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). If the court is able to confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), the Court can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Obomighie was found removable for having two aggravated felony convictions and two convictions for crimes of moral turpitude. See 8 U.S.C. § 1227(a)(2)(A)(ii), (iii) (2006). Because Obomighie was found removable as a result of being convicted of an aggravated felony, this court does not have jurisdiction over the Board's November 11, 2011 order, see Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008); Martinez-Maldonado v. Gonzales, 437 F.3d 639, 683 (7th Cir. 2006), except to review the factual determinations that trigger the

4

jurisdiction stripping provision. Obomighie concedes he is an alien. Our jurisdiction to review the factual determination that Obomighie was convicted of an aggravated felony is proscribed by 8 U.S.C. § 1252(d)(1) (2006), under which this Court may review a final order of removal only if the alien has exhausted all available remedies. See Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008). Because Obomighie never properly exhausted his claims that his convictions for fraud and for assault were not aggravated felonies, we are without jurisdiction to review those findings. Thus, this court is left only with the jurisdiction to review constitutional claims or questions of law pertaining to the November 11, 2011 order.

In his pro se informal brief and his subsequent filings, Obomighie has raised numerous issues, but only a few pertaining to the November 11, 2011 order, none of which concern constitutional claims or questions of law.

Accordingly, because Obomighie was removable for having been convicted of an aggravated felony, we are without jurisdiction to review the Board's November 11, 2011 order. While we grant leave to proceed in forma pauperis, we dismiss the petition for review. We also deny Obomighie's motion for appointment of counsel and grant his motion to strike or withdraw his initial informal brief and file a corrected brief. We dispense with oral argument because the facts and legal

5

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED