**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-2167**
_____

KESTER IGEMHOKHAI OBOMIGHIE,

               Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

               Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  November 9, 2012     Decided:  December 21, 2012

_____

Before MOTZ, KING, and DIAZ, Circuit Judges.

_____

Petition dismissed by unpublished per curiam opinion.

_____

Kester Igemhokhai Obomighie, Petitioner Pro Se.  Daniel Eric Goldman, Senior Litigation Counsel, Andrew B. Insenga, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kester Igemhokhai Obomighie, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. We deny the petition for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. This court retains jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Obomighie] [i]s an alien and whether [ ]he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). If the court is able to confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), the court can only consider "constitutional claims or questions of law." Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Obomighie was found removable for having two aggravated felony convictions and two convictions for crimes of moral turpitude. See 8 U.S.C. § 1227(a)(2)(A)(ii), (iii) (2006). Because Obomighie was found removable as a result of being convicted of an aggravated felony, this court does not have jurisdiction over the Board's August 24, 2012 order, see

2

Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008); Martinez–Maldonado v. Gonzales, 437 F.3d 639, 683 (7th Cir. 2006), except to review the factual determinations that trigger the jurisdiction-stripping provision. Obomighie concedes he is an alien. Our jurisdiction to review the factual determination that Obomighie was convicted of an aggravated felony is proscribed by 8 U.S.C. § 1252(d)(1) (2006), under which this court may review a final order of removal only if the alien has exhausted all available remedies. Massis v. Mukasey, 549 F.3d 631, 638–40 (4th Cir. 2008). Because Obomighie never properly exhausted his claim that his convictions for fraud and for assault were not aggravated felonies, we are without jurisdiction to review those findings. Thus, this court is left only with the jurisdiction to review constitutional claims or questions of law pertaining to the August 24, 2012 order.

Obomighie fails to raise a constitutional claim or a question of law concerning the Board's denial of his motion to reopen. The issue was one of new evidence that could support Obomighie's claim that conditions had changed in Nigeria to such an extent that he now had a well-founded fear of persecution. However, the Board found that he failed to submit evidence that was material to his claim for asylum or related relief.

Accordingly, because Obomighie was found removable for having been convicted of an aggravated felony, this court is

3

without jurisdiction to review the Board's order. We dismiss the petition for review. We also deny as moot Obomighie's motion to stay removal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED