**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1957
_____

JOSE LUIS VASQUEZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A042-889-147)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013

Before: FUENTES, HARDIMAN AND VAN ANTWERPEN, Circuit Judges

(Opinion filed February 4, 2013)
_____

OPINION
_____

PER CURIAM

        Petitioner Jose Luis Vasquez, a citizen of the Dominican Republic who is present

in the United States as a lawful permanent resident, seeks review of a Board of

Immigration Appeals (BIA) order denying relief from removal and declining to reopen

the evidentiary record. We will dismiss in part and deny in part his petition for review.

After pleading guilty in 2009 to one count of trafficking a Mercedes Benz with an altered Vehicle Identification Number (in violation of 18 U.S.C. § 2321, see S.D.N.Y. Crim. No. 1:08-cr-00988), Vasquez was placed into deportation proceedings. One basis for his removal was the aforementioned conviction, which rendered him an aggravated felon under the Immigration and Nationality Act. See Administrative Record (A.R.) 707 (citing 8 U.S.C. §§ 1101(a)(43)(R) and 1227(a)(2)(A)(iii)). Vasquez sought withholding of removal relief ("withholding") and protection under the United Nations Convention Against Torture ("CAT"). He claimed to fear retribution from the co-defendants in his federal case, who had close ties with the "Trinitarios" gang and—based on their belief that he cooperated with the United States Government—threatened him with harm should he ever return to the Dominican Republic.[1]

Vasquez's applications for relief were unsuccessful. While concluding that Vasquez and his girlfriend had testified credibly, an Immigration Judge (IJ) nevertheless determined that 1) the mistreatment feared by Vasquez was not on account of his membership in a "social group" as defined in 8 U.S.C. § 1231(b)(3)(A); and 2) while the Dominican government was "rife with corruption problems . . . [the record] is wholly lacking . . . i[n] any corroboration that the government of the Dominican Republic is somehow influenced or infiltrated by the Trinitarios gang" and would therefore be "unable to unwilling to prevent" harm to Vasquez. A.R. 139–42. The IJ also found "no

2

evidence that the government would likely torture [Vasquez] upon his return" to the country, or would otherwise acquiesce or be willfully blind to torture by others. A.R. 143–45. Vasquez sought review from the BIA, and also submitted a motion to remand/reopen the record for "consideration of new, previously unavailable evidence." A.R. 23. The BIA affirmed, and declined to reopen the record because the new documents were "cumulative of evidence previously submitted" or otherwise had "little evidentiary value." A.R. 8–10. Vasquez filed a timely petition for review with this Court.

Because Vasquez was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(C) limit our review to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). The former must be "colorable violations of the United States Constitution," while the latter must present "purely legal inquiries such as those involved in statutory interpretation"; both are reviewed de novo, subject to applicable principles of deference. Roye, 693 F.3d at 339 (citations, quotations omitted). "[F]actual or discretionary determinations" are "outside of our scope of review." Id. To the extent that we do have jurisdiction, because the BIA's decision adopted and expanded upon the IJ's decision, we may review both. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

Vasquez's arguments are hobbled by our circumscribed jurisdiction. He contends

---

[1] Because we write primarily for the parties, and due to the circumscribed nature of our review (see *infra*), we will forgo an extended summary of the facts of the case and

3

at length that the agency erred by determining that he did not belong to a cognizable social group: one consisting of perceived informants who have testified against the interests of Dominican gang members and their associates. "Whether a[] [petitioner's] proffered 'particular social group' is cognizable . . . is a question of law," and would ordinarily be reviewable. Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 339 (3d Cir. 2008). But the agency also found 1) that the Dominican government has no interest in Vasquez beyond his status as a deportee, and 2) that Vasquez had not established that the government would be unable or unwilling to control his alleged persecutors, thus failing to meet the burden of proof for withholding relief. See A.R. 3–4, 141–42. These are issues of fact, not law. See Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005); see also Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006) (explaining withholding standard). Even if the agency's social-group analysis were erroneous, its secondary, factual holding would defeat Vasquez's applications for relief. Thus, while we can reach the legal issue, we must deny the petition as to this claim because we are bound by the agency's factual determination. The CAT claim, which was denied by the agency on substantially similar grounds, suffers from the same deficiencies (e.g., the petitioner argues that "the available evidence is clear that the Dominican government is aware of the torture occurring in the country against individuals similarly situated to [him]"—a clear request to review the factual record, which we cannot do) and will also

---

Vasquez's alternative bases for relief.

be denied.[2]

Vasquez also argues that the BIA erred in denying his motion to remand and reopen proceedings. "The BIA treats a motion to remand for the purpose of submitting additional evidence in the same manner as motions to reopen the record." Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010) (citing 8 C.F.R. § 1003.2(c)(4); In re Coelho, 20 I. & N. Dec. 464, 471 (B.I.A. 1992)). When, as here, the BIA declines to open on the grounds that the new proffer is cumulative or otherwise would not nudge the petitioner from failure to success, we ordinarily review for abuse of discretion. Id. at 389–90. However, as was the case above, we are limited in present circumstances to questions of law and constitutional claims. Cf. Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008). "Garden-variety allegations of factual error such as those presented here" cannot suffice

---

[2] In his brief, Vasquez attacks the agency's burden-of-proof determination, suggesting that it erred by requiring corroboration of his credible testimony; "[the agency] was required to explain why it believed that the evidence it demanded was reasonably available to the Petitioner to obtain," but "[n]o such assertion was made." Pet'r's Br. 14. A similar invocation was made during the administrative appeal, see A.R. 116, although the BIA did not address the matter in its opinion. Vasquez's "passing reference" to this question does not clarify upon what grounds he might wish to challenge the agency's decision, and whether (in turn) those grounds are rooted in fact or law—whether, for example, he wishes to allege that the *process* used in requiring collaboration was in some way faulty. Hence, we deem the matter to be waived. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994); see also 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."); Sandie v. Att'y Gen., 562 F.3d 246, 252 n.2 (3d Cir. 2009) (explaining the corroboration mechanism of the REAL ID Act, which applies to this petition).

5

to grant us jurisdiction.  <u>Jarbough v. Att'y Gen.</u>, 483 F.3d 184, 190 (3d Cir. 2007).[3]

Accordingly, for the foregoing reasons, we will dismiss the petition for review in part and deny it in part.

---

[3] Because we have seen this mistake in several recent cases, we wish to point out that part of the BIA's opinion was slightly in error.  The BIA held, in part, that an affidavit from one Sergio Mendez "had not been authenticated pursuant to 8 C.F.R. § 1287.6(b)", A.R. 4; however, that regulation only pertains to "official records."  <u>Lin v. Att'y Gen.</u>, 700 F.3d 683, 686–87 (3d Cir. 2012).  As the agency articulated other reasons for rejecting or otherwise limiting its reliance on the affidavit, this error is harmless.