# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-2609
_____

Naveed Thobhani

*Petitioner*

v.

Eric H. Holder, Jr.

*Respondent*

_____

No. 12-2881
_____

Naveed Thobhani

*Petitioner*

v.

Eric H. Holder, Jr.

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 25, 2013
Filed: November 1, 2013
[Unpublished]
_____

Before RILEY, Chief Judge, BRIGHT and BYE, Circuit Judges.
_____

PER CURIAM.

Naveed Thobhani petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. We dismiss the petition for lack of subject matter jurisdiction.

Thobhani was granted derivative asylee status as a child but failed to adjust his status. Between 2000 and 2004, Thobhani was convicted of making a terroristic threat, felony aggravated arson, and attempted sale of cocaine. On July 1, 2005, the Department of Homeland Security commenced removal proceedings against Thobhani based on the convictions. The Immigration Judge ("IJ") found Thobhani was removable. The BIA affirmed the IJ in 2006. Thobhani moved to reopen his case before the BIA in 2012 seeking relief under the Convention Against Torture ("CAT"). The BIA denied the motion. Thobhani was removed to Pakistan on August 31, 2012. Thobhani now petitions for review of the BIA's denial of his motion to reopen his removal proceedings based on the BIA's failure to examine new evidence and the BIA's denial of CAT relief.

Because the BIA's decision is the final decision of an agency, it is the subject of our review. Falaja v. Gonzales, 418 F.3d 889, 894 (8th Cir. 2005) (citing Ismail v. Ashcroft, 396 F.3d 970, 974 (8th Cir. 2005)). In general, we review the BIA's decision denying a motion to reopen and reconsider for an abuse of discretion. Guled v. Mukasey, 515 F.3d 872, 882 (8th Cir. 2008) (citing Habchy v. Gonzales, 471 F.3d

858, 861 (8th Cir. 2006). "Implicit in the grant of authority to review a final BIA order is the authority to review an order denying a motion to reopen the final order. However, our jurisdiction to review final orders of removal and denials of motions to reopen final orders is limited." Hanan v. Mukasey, 519 F.3d 760, 762 (8th Cir. 2008) (internal quotation omitted). If an alien is a criminal alien under 8 U.S.C. § 1252(a)(2)(C) ("the criminal alien bar") our jurisdiction is limited to constitutional claims and questions of law for both final orders of removal and denials of motions to reopen. 8 U.S.C. § 1252(a)(2)(C)-(D); Hanan, 519 F.3d at 762. The IJ determined that Thobhani is a criminal alien; therefore, our review is limited to constitutional claims and questions of law. We review constitutional claims and questions of law de novo. Mohamed v. Gonzales, 477 F.3d 522, 525 (8th Cir. 2007).

Thobhani has not raised any constitutional or legal issues. Thobhani claims the BIA failed to consider new evidence in determining that there were not changed country conditions in Pakistan. Examining changed country conditions is a factual issue outside the purview of this Court's review. Hanan v. Gonzales, 449 F.3d 834, 837 (8th Cir. 2006) (holding that denials of CAT relief based on conditions in country of origin are "factual determinations"). Thobhani likewise asks this Court to examine new evidence, which would require this Court to delve into factual issues. Finally, Thobhani seeks review of the BIA's denial of CAT relief. Again, the BIA determined that there was no qualifying change in country conditions, which is a factual question. Id.

We dismiss the petition for lack of subject matter jurisdiction.

BRIGHT, Circuit Judge, concurring.

I concur in the dismissal of Naveed Thobhani's petition for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen. However, I do not agree that a jurisdictional bar exists against all of Thobhani's

claims for appellate relief. Specifically, I would conclude that we have jurisdiction to remand to the BIA for consideration of new evidence, but that Thobhani has not established adequate grounds for us to do so. Therefore, I concur in the result.

In his brief, Thobhani raises two claims. First, he asserts that this court should take judicial notice of new evidence contained in an addendum to his brief and remand to the BIA for reconsideration of his motion to reopen in light of that evidence. (Pet'r Br. at 23.) Second, he asserts that the BIA abused its discretion in denying his motion to reopen. (Pet'r Br. at 25.)

I agree with the majority that we do not have jurisdiction to review Thobhani's second claim—that the BIA abused its discretion. Because the Immigration Judge found that Thobhani is a criminal alien, our review of a final order of removal is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252 (a)(2)(C)-(D); *Hanan v. Mukasey*, 519 F.3d 760, 762 (8th Cir. 2008). Thobhani's claim that the BIA abused its discretion challenges the BIA's factual determination that Thobhani did not demonstrate changed country conditions in Pakistan. Because this is not a constitutional or legal challenge, we have no jurisdiction to review it.

The same cannot be said about Thobhani's first claim—that we should take judicial notice of new evidence and remand to the BIA. Under 8 U.S.C. § 1252 (a)(2)(C)-(D), our jurisdiction is only limited with respect to a "*review* [of] any final order of removal against an alien who is removable by reason of having committed a criminal offense." (Emphasis added.) Here, taking judicial notice and remanding to the BIA does not require a review of the BIA's evidence or decision, but only a determination that the BIA should reconsider Thobhani's motion on the merits in light of evidence that was not available to the BIA at the time it rendered its decision. We have jurisdiction to take such action notwithstanding 8 U.S.C. § 1252 (a)(2)(C)-(D).

As a matter of fairness to the petitioner, we should be able to exercise our independent discretion to take judicial notice of significant changes in a country that occur between the time of the BIA's decision and our review. I am not alone in this view. *See Nbaye v. Att'y Gen. of the United States*, 665 F.3d 57, 59-60 (3d Cir. 2011) (taking judicial notice of a change in power in Guinea and remanding to the BIA for consideration of that evidence); *Hoxhallari v. Gonzales*, 468 F.3d 179, 186 n.5 (2d Cir. 2006) (per curiam) ("Of course, we may always exercise independent discretion to take judicial notice of any further changes in a country's politics that occurred between the time of the BIA's determination decision [sic] and our review."); *Gafoor v. INS*, 231 F.3d 645, 655-56 (9th Cir. 2000) (taking judicial notice of changed country conditions in Fiji that occurred after the BIA affirmed the denial of petitioner's asylum request), *superceded by statute on other grounds*; *Kaczmarczyk v. INS*, 933 F.2d 588, 594 n.4 (7th Cir. 1991) ("We exercise here our discretion to take judicial notice of further changes in Polish politics that occurred between the time of the BIA's decision and our review."), *cert. denied*, 502 U.S. 981 (1991). In these circumstances, however, our exercise of judicial notice should generally be limited to "dramatic foreign developments." *See Gafoor*, 231 F.3d at 656.

Here, the BIA denied Thobhani's motion to reopen, stating:

> Even assuming [Thobhani's] untimely motion to reopen for protection under the [Convention Against Torture] may be considered under the exception for changed circumstances or conditions in the country of nationality, [Thobhani] has not demonstrated that the exception applies to this motion.

(Order at 1.) Now, Thobhani seeks our approval of new evidence in the form of newspaper reports and affidavits to establish changed country conditions and ultimately relief under the Convention Against Torture. The problem for Thobhani is two-fold. The tendered evidence is not in a proper posture for us to take judicial notice and, even if we did take judicial notice, the evidence is similar to that

previously presented to and rejected by the BIA as insufficient to establish a material change in conditions in Pakistan. The evidence tendered in any event is not sufficiently "dramatic" to warrant a remand. Therefore, I would decline to take such action.

I concur in the dismissal for the reasons stated above.

_____