PER CURIAM.
Naveed Thobhani petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of his motion to reopen. We dismiss the petition for lack of subject matter jurisdiction.
Thobhani was granted derivative asylee status as a child but failed to adjust his status. Between 2000 and 2004, Thobhani was convicted of making a terroristic threat, felony aggravated arson, and attempted sale of cocaine. On July 1, 2005, the Department of Homeland Security commenced removal proceedings against Thobhani based on the convictions. The Immigration Judge (“IJ”) found Thobhani was removable. The BIA affirmed the IJ in 2006. Thobhani moved to reopen his case before the BIA in 2012 seeking relief under the Convention Against Torture (“CAT”). The BIA denied the motion. Thobhani was removed to Pakistan on August 31, 2012. Thobhani now petitions for review of the BIA’s denial of his motion to reopen his removal proceedings based on the BIA’s failure to examine new evidence and the BIA’s denial of CAT relief.
Because the BIA’s decision is the final decision of an agency, it is the subject of our review. Falaja v. Gonzales, 418 F.3d 889, 894 (8th Cir.2005) (citing Ismail v. Ashcroft, 396 F.3d 970, 974 (8th Cir.2005)). In general, we review the BIA’s decision denying a motion to reopen and reconsider for an abuse of discretion. Guled v. Mukasey, 515 F.3d 872, 882 (8th Cir.2008) (citing) Habchy v. Gonzales, 471 F.3d 858, 861 (8th Cir.2006). “Implicit in the grant of authority to review a final BIA order is the authority to review an order denying a motion to reopen the final order. However, our jurisdiction to review final orders of removal and denials of motions to reopen final orders is limited.” Hanan v. Mukasey, 519 F.3d 760, 762 (8th Cir.2008) (internal quotation omitted). If an alien is a criminal alien under 8 U.S.C. § 1252(a)(2)(C) (“the criminal alien bar”) our jurisdiction is limited to constitutional claims and questions of law for both final orders of removal and denials of motions to reopen. 8 U.S.C. § 1252(a)(2)(C)-(D); Hanan, 519 F.3d at 762. The IJ determined that Thobhani is a criminal alien; therefore, our review is limited to constitutional claims and questions of law. We review constitutional claims and questions of law de novo. Mohamed v. Gonzales, 477 F.3d 522, 525 (8th Cir.2007).
Thobhani has not raised any constitutional or legal issues. Thobhani claims the BIA failed to consider new evidence in determining that there were not changed country conditions in Pakistan. Examining changed country conditions is a factual issue outside the purview of this Court’s *678 review. Hanan v. Gonzales, 449 F.3d 834, 837 (8th Cir.2006) (holding that denials of CAT relief based on conditions in country of origin are “factual determinations”). Thobhani likewise asks this Court to examine new evidence, which would require this Court to delve into factual issues. Finally, Thobhani seeks review of the BIA’s denial of CAT relief. Again, the BIA determined that there was no qualifying change in country conditions, which is a factual question. Id.
We dismiss the petition for lack of subject matter jurisdiction.