# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2239

_____

| | | |
|---|---|---|
| Mirko Mocevic, | * | |
| | * | |
| Petitioner, | * | Petition for Review of |
| | * | Order of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| Michael B. Mukasey, Attorney General, | * | [PUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: April 17, 2008
Filed: June 23, 2008 (Corrected: 6/23/2008)

_____

Before GRUENDER, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

Appellant, Mirko Mocevic ("Mocevic"), petitions for review of an order of the Board of Immigration Appeals ("BIA"), which affirmed the decision of an Immigration Judge ("IJ") denying Mocevic's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons stated below, we deny the petition for review.

# I. BACKGROUND

Mocevic, a native of Yugoslavia and a citizen of Bosnia-Herzegovina ("Bosnia"), entered the United States through New York in 1996 as a refugee. On August 28, 2002, Mocevic was convicted in Missouri Circuit Court of the felony of "attempted stealing over $750 by coercion," and was placed on probation. In December 2003, Mocevic admitted to immigration officials that in 1996, when he sought entry into the United States as a refugee, he submitted false information relating to his ethnicity and family relationship to a U.S. sponsor on his form "Declaration for Classification as a refugee."

On December 22, 2003, the Department of Homeland Security ("DHS") commenced removal proceedings against Mocevic. The DHS filed a Notice to Appear ("NTA") charging Mocevic with removability as: (1) an alien who by fraud or willful misrepresentation procured admission into the United States under 8 U.S.C. § 1182 (a)(6)(C)(I); and (2) an alien convicted of a crime of moral turpitude under § 1182(a)(2)(A)(i)(I). Mocevic admitted to the allegations in the NTA and conceded removability on both grounds. Mocevic, however, applied for asylum, withholding of removal, and relief under CAT on the grounds that he suffered persecution as an Orthodox Christian in a Muslim dominated part of Bosnia and was afraid to return to Bosnia due to this past persecution.

On October 27, 2005, Mocevic appeared before an IJ for a merits hearing on his application. Mocevic testified as to the persecution he suffered in Bosnia starting at an early age and continuing until he left for the United States. At the hearing Mocevic's son John Mocevic, a U.S. Citizen, also offered testimony.

In a written decision, the IJ denied Mocevic's application and ordered Mocevic removable on the grounds that he was an alien convicted of a crime of moral turpitude, and that he procured admission to the United Sates by knowingly

submitting false information on his refugee form. In denying Mocevic's application, the IJ found that Mocevic was not credible and that even if Mocevic were credible, he would still deny Mocevic's petition because Mocevic failed to meet his burden of proof. The IJ reasoned that Mocevic's testimony, even if credited, failed to establish persecution or well-founded fear of persecution should he return to Bosnia, as required for a grant of withholding of removal or relief under CAT. In addition, even if Mocevic established his burden of proof for asylum, the IJ explained that he would have denied Mocevic's asylum application on discretionary grounds because Mocevic obtained his initial entry into the United States by fraud.

Mocevic appealed to the BIA. The BIA affirmed the IJ's ruling and dismissed Mocevic's appeal holding that the IJ did not err in concluding that Mocevic failed to meet his burden of proof to justify asylum, withholding of removal, or relief under CAT. The BIA also ruled that Mocevic's due process rights were not violated during the hearing because Mocevic was given a full and fair opportunity to present his case and rebut any contradictions. This appeal followed.

## II. DISCUSSION

We must first determine whether we have jurisdiction to review the BIA's denial of Mocevic's application. See Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008) (addressing first whether the Court has jurisdiction to review the BIA's denial of petitioner's motion); Mouawad v. Gonzales, 485 F.3d 405, 411 (8th Cir. 2007) (same). Because Mocevic is removable as a "criminal alien," our jurisdiction to review Mocevic's petition is limited to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C) ("Notwithstanding any other provision of law . . . , no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) . . . ."); § 1252(a)(2)(D) ("Nothing in subparagraph . . . (C) . . . shall be construed as precluding review of constitutional claims or questions of law raised

upon a petition for review filed with an appropriate court of appeals . . . .").  Our jurisdiction, however, does not extend to review of the agency's findings of fact or discretionary judgments, "which are insulated from judicial review."  Purwantono v. Gonzales, 498 F.3d 822, 824 (8th Cir. 2007).  In determining whether an argument advanced in a petition raises a constitutional claim or question of law, we look to the "nature of the argument advanced in the petition."  Id.  A petitioner may not create jurisdiction by characterizing a factual question as a constitutional claim or question of law.  Garcia-Aguillon v. Mukasey, 524 F.3d 848, 849-50 (8th Cir. 2008); Hanan, 519 F.3d at 763.  This Court reviews de novo constitutional claims and questions of law, which are properly raised in a petition for review.  Mohamed v. Gonzales, 477 F.3d 522, 527 (8th Cir. 2007).

On appeal, Mocevic argues that we have jurisdiction to review his petition because he raises both a constitutional claim and a question of law.  Mocevic argues that he was denied due process because the IJ, in making an adverse credibility determination, failed to give any consideration to evidence that rehabilitated his credibility.  Mocevic claims that the IJ failed to consider the totality of the circumstances when making his credibility determination and based the determination only on: (1) Mocevic's prior offense of knowingly providing false statements on his refugee form; and (2) his prior criminal conviction.

Because "an allegation of wholesale failure to consider evidence implicates due process," we have jurisdiction to review Mocevic's due process claim.  Hanan, 519 F.3d at 764.  A careful review of the IJ's credibility determination, however, does not support Mocevic's claim that the IJ engaged in a wholesale failure to consider the evidence relating to Mocevic's credibility.  In determining that Mocevic's testimony was not credible the IJ looked to several factors including the fact that Mocevic knowingly gave false information in order to obtain refugee status and that his prior felony "involved stealing and not being truthful."  The IJ also considered other evidence relating to Mocevic's credibility, including the testimony of his son and

-4-

statements from Mocevic's friends that were submitted to corroborate Mocevic's credibility. Indeed, the IJ supported his credibility finding with "specific, cogent reasons for disbelief." See Jalloh v. Gonzales, 423 F.3d 894, 898 (8th Cir. 2005) ("We will defer to the IJ's credibility finding where the finding is supported by a specific, cogent reason for disbelief."). We therefore reject Mocevic's due process argument.

Mocevic also argues that the BIA committed legal error by affirming the IJ's conclusion that Mocevic did not meet his burden of proof. Mocevic argues that his testimony, describing several incidents in Bosnia where his life was threatened and he was beaten and robbed because of his religion, established his burden of proof for asylum, withholding of removal, and relief under CAT. Mocevic further argues that "no reasonable *fact finder* could fail to find that [he] established past persecution," and that "the record as a whole shows that it is more likely than not that [he] will suffer torture" if returned to Bosnia. Mocevic's argument, however, is nothing more than a "challenge to the IJ's discretionary and fact-finding exercises cloaked as a question of law." See Garcia-Aguillon 524 F.3d at 850 (denying petitioner's legal claim because "it amount[ed] to nothing more than a challenge to the IJ's discretionary and fact-finding exercises cloaked as a question of law."). Therefore, we lack jurisdiction to review this claim.

### III. CONCLUSION

Accordingly, we deny Mocevic's petition for review.

_____

-5-