# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 09-1264/1793

_____

| | | |
|---|---|---|
| Anthony Austine Ukofia, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petitions for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: January 4, 2010
Filed: January 8, 2010

_____

Before WOLLMAN, RILEY and SMITH, Circuit Judges.

_____

PER CURIAM.

In this consolidated matter, Nigerian citizen Anthony Ukofia petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT), and denial of a waiver of inadmissibility under 8 U.S.C. § 1182(c) (1994) (repealed effective Apr. 1, 1997).

Because Ukofia was found removable for having committed an aggravated felony, we have jurisdiction only to the extent that his petition presents constitutional

questions or questions of law.  <u>See</u> 8 U.S.C. § 1252(a)(2)(C), (D).[1]  After careful review of the record, <u>see</u> <u>Mocevic v. Mukasey</u>, 529 F.3d 814, 817 (8th Cir. 2008) (per curiam) (de novo review of constitutional claims and questions of law), we agree with the BIA that Ukofia was ineligible for a waiver of inadmissibility, <u>see</u> <u>Vue v. Gonzales</u>, 496 F.3d 858, 860-61 (8th Cir. 2007) (alien could not claim § 1182(c) relief because ground of deportation--conviction of an aggravated-felony crime of violence--did not have statutory counterpart in 8 U.S.C. § 1182(a)), and that the alleged due process violations did not affect the outcome of the proceedings, <u>see</u> <u>Banat v. Holder</u>, 557 F.3d 886, 893 (8th Cir. 2009) (alien must show that due process error was prejudicial or had potential for affecting outcome).

Accordingly, we deny the petition.  We also deny Ukofia's pending motions for counsel and his motion to sanction the government.

_____

[1]We are thus precluded from reviewing Ukofia's factually based arguments that his state conviction for attempted third-degree criminal sexual conduct was not a particularly serious crime, <u>see</u> <u>Brue v. Gonzales</u>, 464 F.3d 1227, 1232 (10th Cir. 2006); and that he met his burden of proof for asylum, withholding of removal, and CAT relief, <u>cf.</u> <u>Lovan v. Holder</u>, 574 F.3d 990, 998 (8th Cir. 2009) (alien's argument--that undisputed facts compelled finding contrary to BIA's denial of relief--was "nothing more than a challenge to the agency's factual determinations").