# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3521

_____

Jose Rene Constanza,                           *
                                               *
              Petitioner,                       *
                                               *    Petition for Review
       v.                                       *    of an Order of the
                                               *    Board of Immigration Appeals.
Eric H. Holder, Jr., Attorney                   *
General of the United States,                   *    [PUBLISHED]
                                               *
              Respondent.                       *

_____

Submitted:  June 13, 2011
Filed: August 1, 2011

_____

Before COLLOTON, CLEVENGER,[1] and BENTON, Circuit Judges.

_____

PER CURIAM.

       Jose Constanza, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  We deny the petition.

_____

[1]The Honorable Raymond C. Clevenger, III, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

Constanza arrived in the United States at Douglas, Arizona, on or about November 17, 1997. At the time he arrived, Constanza was not admitted or paroled after inspection by an immigration officer. Constanza was granted Temporary Protective Status in 2002. On December 2, 2009, Constanza was convicted of domestic assault by strangulation and was placed on probation.

On February 2, 2010, the Department of Homeland Security (DHS) commenced removal proceedings against Constanza. The DHS filed a Notice to Appear charging Constanza with removability as: (1) an alien present without admission or parole pursuant to 8 U.S.C. § 1182(a)(6)(A)(I); and (2) an alien convicted of a crime involving moral turpitude pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I). Constanza admitted the first charge and conceded to removability on that ground, but denied the second charge. Based on the record of conviction, the IJ found Constanza removable on the second charge. Constanza, however, applied for asylum, withholding of removal, and relief under CAT on the ground that he will be persecuted by Mara Salvatrucha (MS-13) gang members in El Salvador based on his membership in social groups defined as persons resistant to gang membership, persons who have returned from the United States and are perceived as affluent, and persons who fear harm to their families from gangs.

In support of his application, Constanza testified that he fears returning to El Salvador because of the gang violence in the country. Constanza also testified that his family had two encounters with gang violence before he left El Salvador. Specifically, his nephew was kidnapped and held for ransom in 1995, and his cousin was robbed and killed in 1996 by gang members. On June 16, 2010, the IJ issued a written decision denying Constanza's application. The IJ found Constanza reasonably credible, but determined that resistance to gang membership, affluence, and fearing harm from gangs do not constitute particular social groups. Thus, the IJ concluded that Constanza's fears of returning to El Salvador do not rise to the level of persecution for which a grant of asylum could be made. The IJ further concluded that

-2-

Constanza had not adequately demonstrated that he had a reasonable fear of persecution upon his return to El Salvador for several reasons, including: (1) Constanza did not flee El Salvador because of gang violence, but left because he was unable to sufficiently support his family with the wages he earned in El Salvador; and (2) Constanza's siblings and children continue to reside in El Salvador and have not been targeted by gang violence, even though Constanza was known to be in the United States. Having determined that Constanza did not meet the burden for a grant of asylum, the IJ determined that he had not met the higher burden for withholding of removal. The IJ also determined that Constanza failed to show the existence of changed or extraordinary circumstances regarding his failure to apply for asylum within the one-year time limit required by law. Finally, the IJ found that Constanza had not demonstrated government acquiescence to the gang violence.

On administrative review, the BIA affirmed the IJ's decision and dismissed Constanza's appeal. The BIA held that the IJ did not err in concluding that Constanza failed to meet his burden of proof on the timeliness of his asylum application. After an independent analysis of the record, the BIA agreed with the IJ's finding that Constanza did not establish past persecution or a well-founded fear of future persecution by gangs. The BIA further found Constanza's articulated social groups too broad and indeterminate for immigration purposes. Thus, the BIA concluded that Constanza failed meet his burden of proof to justify asylum and withholding of removal. The BIA also concluded that Constanza failed to meet his burden for CAT relief. The present appeal followed.

Where, as here, the BIA issues an independent decision without adopting the IJ's conclusions, we review only the BIA decision. Chak Yiu Lui v. Holder, 600 F.3d 980, 983 (8th Cir. 2010). We lack jurisdiction to review the BIA's determination that Constanza's asylum application was barred as untimely filed. See 8 U.S.C. § 1158(a)(3); Chibwe v. Holder, 569 F.3d 818, 820 (8th Cir. 2009). We review the BIA's determinations regarding withholding of removal and CAT relief under the

substantial evidence standard. <u>Khrystotodorov v. Mukasey</u>, 551 F.3d 775, 781 (8th Cir. 2008). Because Constanza is removable as a "criminal alien," our jurisdiction is limited to constitutional claims and questions of law. <u>Mocevic v. Mukasey</u>, 529 F.3d 814, 816 (8th Cir. 2008) (citing 8 U.S.C. §§ 1252(a)(2)(C) and (a)(2)(D)). We review the BIA's legal determinations de novo, giving substantial deference to its interpretation of statutes and regulations. <u>Davila-Mejia v. Mukasey</u>, 531 F.3d 624, 627 (8th Cir. 2008).

An applicant is entitled to withholding of removal if he demonstrates, a "clear probability" that he will face persecution upon repatriation on account of one of five protected grounds, including membership in a social group. <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984); <u>see</u> 8 U.S.C. § 1231(b)(3)(A) (listing protected grounds). We have held that a "clear probability" of future persecution is an "'extreme concept' that involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of a protected characteristic." <u>Malonga v. Holder</u>, 621 F.3d 757, 764 (8th Cir. 2010) (quoting <u>Sholla v. Gonzales</u>, 492 F.3d 946, 951 (8th Cir. 2007)).

Constanza avers that he is entitled to withholding of removal because he has a well-founded fear of persecution based on his membership in two particular social groups, defined as: (1) a family that experienced gang violence; and (2) persons resistant to gang violence.[2] Membership in a particular social group "refer[s] to persons who hold an immutable characteristic, or common trait such as sex, color, kinship, or . . . shared past experiences." <u>Davila-Mejia</u>, 531 F.3d at 628. Moreover, "[t]he group characteristic must be one 'that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities and consciences.'" <u>Id.</u> (quoting <u>Matter of Acosta</u>, 19 I. & N. Dec.

---

[2]On appeal, Constanza abandons his argument that he has a well-founded fear of persecution based on his membership in the particular social group defined as "persons who have returned from the United States and are perceived as affluent." Accordingly, we do not address the argument in this opinion.

211, 233 (BIA 1985), overruled on other grounds by <u>Matter of Mogharrabi</u>, 19 I. & N. Dec. 439 (BIA 1987)).  In addition, a social group requires sufficient particularity and visibility such that the group is perceived as a cohesive group by society.  <u>See id.</u> at 628-29.

After a careful review of the record, we agree with the BIA that Constanza's articulations of the social groups to which he claims to belong are too broad to be perceived as social groups by society.  Although MS-13 harmed Constanza's nephew and cousin in 1995 and 1996, respectively, there is no evidence in the record indicating that the gang specifically targeted Constanza's family as a group.  Nor does the record demonstrate that MS-13 will target Constanza's family in the future, especially given that Constanza's siblings and children have continued to reside in El Salvador and have not been targeted by MS-13.  Constanza's family is no different from any other Salvadoran family that has experienced gang violence.  Thus, Constanza's family lacks the visibility and particularity required to constitute a social group.

Further, we are persuaded by the BIA's conclusion, as well as authority from other circuits, that "persons resistant to gang violence" are too diffuse to be recognized as a particular social group.  <u>See, e.g.</u>, <u>Matter of S-E-G-</u>, 24 I. & N. Dec. 579, 588 (BIA 2008); <u>Lizama v. Holder</u>, 629 F.3d 440, 447 (4th Cir. 2011); <u>Larios v. Holder</u>, 608 F.3d 105, 109 (1st Cir. 2010); <u>Lushaj v. Holder</u>, 380 Fed. Appx. 41, 43 (2d Cir. 2010); <u>Barrios v. Holder</u>, 581 F.3d 849, 855 (9th Cir. 2009); <u>cf.</u> <u>Marroquin-Ochoma v. Holder</u>, 574 F.3d 574 (8th Cir. 2009) (resistance to gang recruitment is not political opinion and, therefore, not a protected ground for withholding of removal).  As a result, we conclude that Constanza has not established that the alleged acts of

mistreatment by MS-13 occurred because of his membership in a particular social group.[3]

Finally, Constanza's petition alleges that he was improperly denied CAT relief because the government of El Salvador has failed to protect his family or address his complaints regarding MS-13 in a meaningful way. Constanza further alleges that the government of El Salvador has failed to bring to justice all members of MS-13 and, as a result, the threat of torture exists for him country-wide. Constanza's allegations, however, amount to nothing more than challenges to factual determinations, which we lack jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D). See Lovan v. Holder, 574 F.3d 990, 998 (8th Cir. 2009); Mocevic, 529 F.3d at 817; Saintha v. Mukasey, 516 F.3d 243, 249-50 (4th Cir. 2008).

Accordingly, we deny the petition for review.

_____

_____

[3]To the extent that Constanza argues on appeal for the first time past persecution generally and a well-founded fear of future persecution based on political opinion, we are without jurisdiction to address these claims because Constanza has failed to exhaust his administrative remedies. Sultani v. Gonzales, 455 F.3d 878, 884 (8th Cir. 2006) ("Failure to raise an issue before the agency constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter.").