# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3714

_____

Alfonso Antonio Ajtun Hernandez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 11, 2012
Filed: August 21, 2012
[Unpublished]

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM

Alfonso Antonio Ajtun Hernandez seeks review of a Board of Immigration Appeals ("BIA") order that denied his application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). We deny the petition for review.

Hernandez, a Guatemalan citizen, entered the United States without inspection in 2004. After being arrested for driving while intoxicated in Missouri, he was charged with removability by Immigration and Customs Enforcement ("ICE") in November 2008. Hernandez conceded removability and filed defensive applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In doing so, he alleged that he had been persecuted in Guatemala prior to emigrating and would be persecuted if he returned there because of a political opinion and membership in a social group.

At a hearing before an Immigration Judge ("IJ"), Hernandez testified that members of the Guatemalan gang Mara 18 had attempted to recruit him and his brothers, that he and his brothers had rebuffed the gang's advances, and that the gang had then tried to kill him as a result. He argued that he was persecuted on account of both a political opinion, namely disapproval of gangs, and membership in a social group, namely young men from his village who resisted gang recruitment, as grounds for withholding of removal. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b). The IJ found that Hernandez had not satisfied the requirements for withholding of removal because he had not presented sufficient evidence that his persecution came as a result of any political opinion that he had held and because his purported social group was insufficiently socially visible and particularized. The BIA adopted and affirmed the decision of the IJ, and Hernandez now seeks judicial review of the BIA's determination solely as to the invalidity of his claimed social group.[1]

[1]The IJ also found that Hernandez's application for asylum was untimely and denied his application for protection under the CAT. The BIA affirmed the former finding and held that Hernandez failed to challenge the latter. Hernandez does not raise these issues on appeal. Even if he had properly raised them, we lack jurisdiction to review determinations as to the timeliness of asylum petitions, *see* 8 U.S.C. § 1158(a)(3), and we generally may not consider issues not raised before the BIA, *see Manani v. Filip*, 552 F.3d 894, 900 (8th Cir. 2009). Additionally, because Hernandez does not challenge the Board's holding that any persecution he suffered was not on account of any political opinion he held, he has waived this claim. *See Averianova*

"We review the BIA's decision, as it is the final agency decision; however, to the extent that the BIA adopted the findings or the reasoning of the IJ, we also review the IJ's decision as part of the final agency action." *Davila-Mejia v. Mukasey*, 531 F.3d 624, 627 (8th Cir. 2008). We review the BIA's legal determinations *de novo*, according substantial deference to its interpretations of the statutes and regulations it administers. *Id.* An applicant can qualify for withholding of removal by showing a clear probability that "his life or freedom would be threatened in the proposed country of removal on account of" one of five protected grounds, including "membership in a particular social group." 8 C.F.R. § 1208.16(b); *see also* 8 U.S.C. § 1231(b)(3). Showing past persecution on the basis of a protected ground creates a rebuttable presumption that removal would threaten an applicant's life or freedom. 8 C.F.R. § 1208.16(b)(1)(i).

The BIA was correct in finding deficient Hernandez's claim of past persecution as a result of his membership in a particular social group. For a social group to be cognizable within the meaning of the statute, it must be both socially visible and particularized. *Gaitan v. Holder*, 671 F.3d 678, 681 (8th Cir. 2012), *petition for cert. filed*, 81 U.S.L.W. 3004 (Jun. 20, 2012) (No. 11-1525). Hernandez argues that he belonged to a social group comprised of "young men who reside in the village of San Rafael Pacaya Number Two and have been targeted for recruitment into the Mara 18."[2] We have previously held that resisters of gang recruitment or those opposed to gang violence are not cognizable social groups, however, because these definitions

*v. Mukasey*, 509 F.3d 890, 892 n.1 (8th Cir. 2007).

[2]Hernandez claimed before the BIA that his social group consisted of male members of his family, a social group bound by kinship. He did not make this argument before the IJ, though, and he does not explicitly make it here. To the extent that he does argue this alternative, we decline to address this argument, even assuming *arguendo* that it has been administratively exhausted, as it has not been meaningfully developed before us on appeal. *See United States v. Stanko*, 491 F.3d 408, 415 (8th Cir. 2007).

lack particularity and social visibility. *See id.* at 682 (rejecting as a social group "young males from El Salvador who have been subjected to recruitment by MS-13 and who have rejected or resisted membership in the gang based on personal opposition to the gang"); *Constanza v. Holder*, 647 F.3d 749, 754 (8th Cir. 2011) (same for "persons resistant to gang violence"); *Ortiz-Puentes v. Holder*, 662 F.3d 481, 483 (8th Cir. 2011) (same for "young Guatemalans who refused to join gangs and were persecuted—beaten—as a result").

Hernandez's claimed social group, which in his briefs he explicitly likens to the group in *Gaitan*, is distinguished from those we have previously rejected only by its greater degree of geographic specificity, limited as it is to Hernandez's village. We see no reason why this smaller group would be more, rather than less, likely to "be perceived as a group by the rest of society," *Gaitan*, 671 F.3d at 682, in comparison to the groups we have rejected. Therefore, Hernandez has failed to establish that any persecution he suffered was on account of his membership in a particular social group, and we deny his petition for review.

_____