GRABER, Circuit Judge,
concurring.
I agree that we lack jurisdiction to review the BIA’s “particularly serious crime” determination in this case. But I write separately to express my disagreement with our court’s interpretation of 8 U.S.C. § 1252(a)(2)(C).
That statute provides: “no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed ” certain criminal offenses, including aggravated felonies.[1] (Emphasis added.) In my *450 view, once we are satisfied that a given alien has been found “removable by reason of’ conviction of a crime covered by § 1252(a)(2)(C), we lack jurisdiction to conduct further review of the “final order of removal,” whether relating to asylum, withholding of removal, or CAT relief. In such cases, we have jurisdiction only over constitutional claims or questions of law, pursuant to § 1252(a)(2)(D). At least four of our sister circuits have adopted this textually based view of § 1252(a)(2)(C)’s jurisdiction-stripping provision. See, e.g., Constanza v. Holder, 647 F.3d 749, 753-54 (8th Cir.2011) (per curiam); Saintha v. Mukasey, 516 F.3d 243, 249-51 (4th Cir.2008); Conteh v. Gonzales, 461 F.3d 45, 62-63 (1st Cir.2006); Alaka v. Att’y Gen. of U.S., 456 F.3d 88, 102 & n. 24 (3d Cir.2006).
Unfortunately, we have created an additional, sometimes confusing, exception— what I will call the “on-the-merits” exception—that allows us to review more generally an on-the-merits denial of relief than when denial is predicated on ineligibility because of a criminal conviction. That exception appears limited to the Ninth Circuit and, in my view, interprets § 1252(a)(2)(C) incorrectly. Because the exception clearly does not apply to Petitioner, it ultimately is of no consequence to the outcome here. Nevertheless, I provide the following discussion in the hope that we may revisit our precedents in the future, in a case in which the exception affects the outcome.
The “on-the-merits” exception rests on the “by reason of having committed a criminal offense” portion of § 1252(a)(2)(C). In Unuakhaulu v. Gonzales, 416 F.3d 931, 936 (9th Cir.2005), we stated: “Alvarez-Santos [v. INS, 332 F.3d 1245, 1247 (9th Cir.2003),] holds that the ‘by reason of language of § 1252(a)(2)(C) ‘strips [this court] only of jurisdiction to review orders of removal predicated on commission or admission of a crime, not orders of removal not so predicated.’ ” In Alvarez-Santos, the alien was charged as removable on two independent grounds, only one of which was criminal and covered by § 1252(a)(2)(C). 332 F.3d at 1248. In that case, the IJ explicitly found that the alien had not been convicted of a crime and so rejected that ground of removability. Id. at 1249. That is, § 1252(a)(2)(C), by its own terms, did not apply at all. In the circumstances, Alvarez-Santos cannot be said to have created an “exception” to that statute’s applicability.
In Unuakhaulu, we took Alvarez-Santos a step further. The alien in that case, like the one in Alvarez-Santos, was charged as removable on two independent grounds, only one of which was criminal and covered by § 1252(a)(2)(C). Unuakhaulu, 416 F.3d at 933. But unlike in Alvarez-Santos, the IJ in Unuakhaulu sustained both grounds of removability. Id. Nevertheless, the IJ determined that the criminal offense underlying removability was not a “particularly serious crime,” so the alien was not barred from eligibility for withholding of removal or CAT relief. Id. at 933-34; see also 8 U.S.C. § 1231 (b) (3) (B) (ii) (withholding of removal not available to alien who, “having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community of the United States”). Accordingly, the IJ considered the merits of those claims before denying relief. Unuakhaulu, 416 F.3d at 934. On review, we reasoned that, because the IJ did not “explicitly” specify which ground of remova-bility supported the order of removal, and because the denial of withholding and CAT *451 relief was “on the merits” rather than premised on ineligibility due to the criminal conviction, § 1252(a)(2)(C) did not apply to strip jurisdiction. Id. at 936-37. Thus, in Unuakhaulu, we created an exception whereby an alien who is removable because of a § 1252(a)(2)(C) crime may still seek review in this court of fact-based questions that are not covered by § 1252(a)(2)(D).
We further explained that exception in Morales v. Gonzales, 478 F.3d 972, 978-80 (9th Cir.2007), abrogated on other grounds by Anaya-Ortiz v. Holder, 594 F.3d 673, 678 (9th Cir.2010), and in Arteaga v. Mukasey, 511 F.3d 940, 942 n. 1 (9th Cir.2007). Although those cases go no farther than did Unuakhaulu, they contain statements that could be read to suggest an even broader rule. In Morales, we reiterated, correctly, that § 1252(a)(2)(D) restores jurisdiction over questions of law and constitutional claims. 478 F.3d at 978 (“Although we lack jurisdiction to review the IJ’s finding that [an alien] was removable, we have jurisdiction ... to review the IJ’s denial of [the alien]’s application for withholding of removal to the extent that [the alien] raises questions of law, including mixed questions of law and fact, or constitutional claims.” (emphasis added) (citing 8 U.S.C. § 1252(a)(2)(D))). We had jurisdiction over the withholding claim in Morales because that claim presented “a question of law over which this court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D).” Id. at 980. We had jurisdiction over the CAT claim both because that claim involved a legal question, id. (discussing “proper legal standard for CAT relief’), and because the facts of that case were similar to those in Unuakhaulu, id. (“[W]hen an IJ does not rely on an alien’s conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions apply to divest this court of jurisdiction.” (citations omitted)).
Arteaga, on first read, seems to be broader, stating in a footnote:
The government’s argument that we lack jurisdiction to review the BIA’s rulings on the issues of withholding and CAT relief has been heard and rejected by this court. See Morales v. Gonzales, 478 F.3d 972, 980 (9th Cir.2007) (noting that the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(C) apply to removal orders, and not to applications for asylum, withholding of removal, or CAT relief); id. (“[A]s to our resolution of factual issues, when an IJ ... denies [CAT] relief on the merits, none of the jurisdiction-stripping provisions apply[J”).
511 F.3d at 942 n. 1 (alterations in original). But the text associated with that footnote claims jurisdiction under § 1252(a)(2)(D), and the facts of that case involved an on-the-merits denial of withholding and CAT relief. Id. at 943^4. Thus, Arteaga is no broader than Morales.
In my view, Unuakhaulu and its progeny misread § 1252(a)(2)(C)’s “by reason of’ phrase as applying to the order of removal, limiting the jurisdictional bar to cases in which the relevant conviction is the final reason for that order. But § 1252(a)(2)(C) applies to any order of removal “against an alien who is removable by reason of having committed” a relevant crime. (Emphasis added.) Thus, the only relevant question is whether an IJ has made a finding of removability because of a relevant conviction. Under my reading, then, the applicability of § 1252(a)(2)(C) is a straightforward inquiry: Was the alien charged with removability because of a relevant crime, and did the IJ correctly sustain that charge? If so, we lack juris *452 diction over all questions not covered by § 1252(a)(2)(D).
For these reasons, I urge the court to consider revisiting, in an appropriate case, our mistaken reading of § 1252(a)(2)(C). We have strayed from the statute and, in the process, seemingly created a circuit split.

. In its entirety, 8 U.S.C. § 1252(a)(2)(C) states:
Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habe-as corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section *450 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.