ALD-133                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1402
_____

ABIODUN IDRIS, AKA Micheal Ojogiwa, AKA Oluwahola Ademole,
AKA Abiodun Ioris, AKA Oluwashhola Ademola,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A216 288 842)
Immigration Judge:  John P. Ellington
_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 5, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed: April 28, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Abiodun Idris petitions for review of an order of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") removal order. Because the petition presents no substantial question for review, we will grant the Government's motion for summary action.

Idris grew up in Lagos, Nigeria. After traveling in Africa for two years, he entered the United Kingdom in 1985 and remained there for seven years. He claimed that he entered the United States in 1993 on the Visa Waiver Program, using a British passport. Idris was convicted on forgery charges in 1995 and 1997, and fraud in 2017, which involved the attempted use of a fake Nigerian passport at a bank on the University of Pennsylvania campus.

The Department of Homeland Security issued a Notice to Appear, alleging that Idris was present in the U.S. without being admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i). The IJ sustained the charge, but Idris applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In his I-589 Application for Asylum and Withholding of Removal filed in April 2018, he alleged past persecution and fear of future persecution based on his mother's conversion to Christianity and his ethnicity as a Yoruba. A.R. 352-62. He did not mention sexual orientation in the asylum application. After later conferring with counsel, he submitted a personal declaration to support his application in late July 2018, detailing alleged past incidents of persecution based on his sexual orientation. A.R. 284-87.

Idris appeared pro se at a merits hearing before an IJ in August 2018. He testified about two attacks by gangs in Nigeria, the treatment by his parents, and his alleged injuries. He

2

also maintained that, although he used a U.K. passport to enter the U.S., it was false, and he had no legal status in the U.K. Under questioning by the IJ, however, Idris admitted that he had applied for the British passport and that the government had issued it to him. After the hearing, the IJ made a negative credibility finding based on Idris' testimony, submitted documents, and past fraudulent actions and crimes concerning his own identity. A.R. 67. The IJ denied Idris' asylum application as untimely, and all other applications for relief based on the adverse credibility determination, and ordered him removed to the U.K., and, in the alternative, Nigeria. A.R. 71.

In his counseled appeal to the BIA, Idris abandoned his asylum and CAT claims and focused on the withholding of removal claim, arguing that the IJ did not make a sufficient finding on whether Idris had a clear probability of future persecution in Nigeria. He also argued that the IJ's designation of the U.K. as the primary country of removal constituted clear error. The BIA dismissed the appeal, and Idris filed a pro se petition for review. After he filed his opening brief, the Government filed a motion for summary action and the briefing schedule was stayed.

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision and consider the IJ's decision to the extent that the BIA deferred to it. See Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). We agree with the Government that this petition presents no substantial question for review.

We lack jurisdiction to consider the agency's denial of asylum and protection under the CAT, as Idris failed to exhaust administrative remedies for those claims. See 8 U.S.C. §

3

1252(d)(1); Xie v. Ashcroft, 359 F.3d 239, 245 n.8 (3d Cir. 2004).[1]  Although Idris did not challenge the adverse credibility determination in his BIA appeal, we could review that issue, as the BIA considered it.  See Lin v. Att'y Gen., 543 F.3d 114, 126 (3d Cir. 2008).

Idris did not expressly challenge the adverse credibility finding in his brief here, either, and the Government urges us to find that consideration of the issue is waived.  See Voci v. Gonzales, 409 F.3d 607, 609 n.1 (3d Cir. 2005).  While the Government's point is well taken, even if we review the issue we cannot find a compelling basis for disagreeing with the credibility analysis offered by the agency.  See 8 U.S.C. § 1252(b)(4)(B).  The BIA homed in on the IJ's finding that Idris failed to include sexual orientation as a ground of persecution in his asylum application.  The BIA characterized this as a "critical omission," A.R. 4, and we agree.  Idris' sexual orientation, and the attacks and injuries sustained from it, formed the centerpiece of his persecution claims (in fact, he ultimately abandoned the religious and ethnic grounds on appeal to the BIA).  Coupled with the material inconsistencies and omissions highlighted in the IJ's decision, and Idris' criminal convictions for forgery and fraud and his many aliases, the adverse credibility finding is supported by substantial evidence.  See 8 U.S.C. § 1158(b)(1)(B)(iii); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc) (noting that contradictory evidence, inconsistent statements, and inherently implausible testimony may support an adverse determination); Mocevic v. Mukasey, 529 F.3d 814, 817 (8th Cir. 2008)

---

[1] We similarly lack jurisdiction to review Idris' claims that he has mental health issues, as he did not raise that claim before the agency.

(affirming adverse credibility finding in which criminal conviction, involving "stealing and not being truthful," undermined credibility).

Finally, we agree with the Government that Idris' argument that the IJ erred in finding that he is a national of the United Kingdom is moot, given Idris' removal to Nigeria in December last year.

For all these reasons, we grant the Government's motion for summary action and will deny the petition for review. To the extent that Idris seeks release from confinement or a stay of removal, those requests are denied as moot.