# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1085
_____

Marvin Marcelino Garcia-Zelaya

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States of America

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 30, 2023
Filed: November 6, 2023
[Unpublished]

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Salvadoran citizen Marvin Marcelino Garcia-Zelaya petitions for review of a decision of the Board of Immigration Appeals upholding an immigration judge's denial of asylum and withholding of removal.[1]

Upon careful consideration of the petition and the record, we conclude that the agency did not err in determining Garcia-Zelaya failed to establish membership in a particular social group. See 8 U.S.C. §§ 1158(b)(1), 1231(b)(3)(A); Rosales-Reyes v. Garland, 7 F.4th 755, 759 (8th Cir. 2021) (standard of review). The proposed particular social group is not cognizable because it lacks social distinction and particularity, and Garcia-Zelaya has offered no argument or evidence that would compel a different result. See Pacheco-Mota v. Garland, No. 22-3651, 2023 WL 6857239, at *2 (8th Cir. Oct. 18, 2023) (witness to gang crime lacked social distinction); Uriostegui-Teran v. Garland, 72 F.4th 852, 855-56 (8th Cir. 2023) (rejecting "families of gang kidnapping and gang extortion victims" for lack of particularity; groups were not limited to immediate family and lacked well-defined boundaries); Miranda v. Sessions, 892 F.3d 940, 943 (8th Cir. 2018) (witness to gang murder was insufficient to show petitioner was part of a socially distinct group; group must be socially distinct within society in question); Constanza v. Holder, 647 F.3d 749, 753-54 (8th Cir. 2011) (petitioner's membership in "a family that experienced gang violence" lacked particularity); cf. United States v. Anwar, 880 F.3d 958, 971 (8th Cir. 2018) (one panel is bound by the decisions of earlier panels; only the court sitting en banc has the authority to overrule a prior panel opinion).

Because the failure to establish membership in a cognizable particular social group--or any other protected ground--was sufficient to render Garcia-Zelaya

---

[1]The denial of relief under the Convention Against Torture is not before this panel. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised in opening brief is waived).

ineligible for asylum or withholding of removal, we decline to address his other arguments.  <u>See</u> <u>Uriostegui-Teran</u>, 72 F.4th at 856.

The petition for review is denied.  <u>See</u> 8th Cir. R. 47B.

_____