# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 9, 2012

No. 11-60095
Summary Calendar

Lyle W. Cayce
Clerk

ZHENGHAO LIU,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 367 597

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Zhenghao Liu, a native and citizen of the People's Republic of China, petitions us for review of a decision by the Board of Immigration Appeals (BIA) denying his second motion to reopen as barred by the time and numerical limitations of 8 U.S.C. § 1229a(c)(7)(C). He contends that the BIA abused its discretion by denying his motion because the new evidence he submitted in conjunction with his motion established a material change in country conditions such that his motion was not subject to those time and numerical limitations.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He also contends that he has made a prima facie showing of his eligibility for asylum.

We have jurisdiction to entertain Liu's petition for review of the BIA's denial of his motion to reopen based on changed country conditions. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). The denial of a motion to reopen is reviewed "under a highly deferential abuse of discretion standard." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005). "Such discretion is not to be disturbed 'so long as it is not capricious, racially invidious, utterly without foundation in evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Id.* (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)).

Except in specific circumstances, there is a 90-day time limit for filing a motion to reopen. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2) & (3). Additionally, a party generally may file only one motion to reopen. § 1229a(c)(7); § 1003.2(c)(2). An alien is not bound by the time and number limitations of § 1229a(c)(7)(C)(i), however, if the motion to reopen requests asylum or withholding of removal "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." § 1003.23(b)(4)(i); *see* § 1229a(c)(7)(C)(ii); *Panjwani*, 401 F.3d at 631. In determining whether there has been a material change in country conditions, the BIA compares "the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007).

The evidence submitted by Liu supports the BIA's determination that he did not establish a material change in country conditions since the time of his initial removal hearing. *See In re S-Y-G*, 24 I. & N. Dec. at 253. The State Department's 2004 report on China, which was submitted into evidence during Liu's original removal proceedings, indicated that the Chinese government's

respect for religious freedom was poor. The report indicated that religious activities were monitored and that the government required all places of religious activity to register. Although respect for religious freedoms varied widely by province, activities at registered churches generally occurred without interference. Religious services at unregistered or underground churches, however, were often broken up and, in some instances, the location was destroyed. The report noted that church leaders and worshipers at underground churches were often harassed, detained, or beaten. The report further observed that Chinese authorities were increasingly vigilant "against foreign infiltration under the guise of religion."

Liu's evidence that his mother and brother were arrested and detained after being caught worshiping at an underground house church is consistent with the Chinese government's historical restriction on religious freedoms and does not represent changes in the country conditions since his initial removal hearing. Similarly, his evidence that Chinese authorities sought to conduct an inquiry into his unsanctioned religious activities is consistent with the government's historical restrictions on freedom of religion and wariness towards foreign infiltration under the guise of religion. Therefore, the evidence Liu relies on does not establish a material change in country conditions. *See Panjwani*, 401 F.3d at 631; *In re S-Y-G*, 24 I. & N. Dec. at 253.

As Liu failed to establish a material change in country conditions, his motion to reopen was not excepted from the time and number limitations on such motions. *See* § 1003.23(b)(4)(i); § 1229a(c)(7)(C); *Panjwani*, 401 F.3d at 631. Liu's second motion to reopen exceeded the time and number limitations of § 1229a(c)(7)(C). Accordingly, the BIA did not abuse its discretion by denying Liu's second motion to reopen on those grounds. *See Manzano-Garcia*, 413 F.3d at 469. The petition for review is, therefore, DENIED.