# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 12-60755

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2013

Lyle W. Cayce
Clerk

GUTENBERG LAGUERRE BEAU-SOLEIL,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 344 683

Before REAVLEY, DAVIS, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Gutenberg Laguerre Beau-Soleil petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his application for withholding of removal and relief under the Convention Against Torture (CAT). We DISMISS the petition for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60755

I.

Beau-Soleil, a native and citizen of Haiti, entered the United States as a child along with his parents in 2000 and was granted derivative asylee status based on his father's application for political asylum. His status was adjusted to that of a lawful permanent resident in 2006. In 2009, Beau-Soleil was convicted of conspiracy and substantive offenses involving fraudulent access devices and identity theft. The Department of Homeland Security served him with a Notice to Appear charging removability due to his conviction for an aggravated felony.

Although he was granted several continuances in order to obtain counsel, Beau-Soleil proceeded pro se and sought withholding of removal and relief under the CAT, claiming that he would be persecuted if returned to Haiti because of his father's political opinions. The IJ found Beau-Soleil removable as an aggravated felon and also denied the CAT claim and withholding of removal. The IJ found that despite a presumption of past persecution because of the grant of political asylum to Beau-Soleil's father the 2010 United States State Department country report for Haiti showed that political conditions in Haiti had changed since Beau-Soleil's family had left the country. The IJ concluded that Beau-Soleil failed to show a clear probability of persecution or torture if returned to Haiti.

The BIA determined that Beau-Soleil could not rely on a presumption of past persecution based on his father's status, and instead had to establish his own independent basis for relief. The BIA agreed with the IJ that conditions in Haiti had changed because the controlling political party had changed since Beau-Soleil left with his family. The BIA concluded that Beau-Soleil failed to show a clear probability that his life or freedom would be threatened in the future based on a protected ground, or that it was more likely than not that he

2

No. 12-60755

would be tortured by or with the acquiescence of the government.  Beau-Soleil now petitions for our review.

## II.

We must examine the basis of our jurisdiction sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  "Congress has specifically commanded in 8 U.S.C. § 1252(a)(2)(C) that no court has jurisdiction to review deportation orders for aliens who are removable because they were convicted of aggravated felonies." *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013) (internal quotation marks and citation omitted).  We have jurisdiction, however, to review constitutional claims and questions of law.  *Escudero-Arciniega v. Holder*, 702 F.3d 781, 783 (5th Cir. 2012).

## III.

Now proceeding with counsel, Beau-Soleil raises two issues, neither of which is adequately briefed, and neither of which falls within our limited jurisdiction.  First, he contends that the BIA erred in finding that because of changed country conditions it was not more likely than not that he would be tortured or killed, and that the BIA should have required additional proof of changed country conditions.  When our jurisdiction is not circumscribed by § 1252(a)(2)(C), we review similar challenges for substantial evidence.  *See, e.g., Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Accordingly, whether conditions in a country have changed and the examination of those conditions present issues of fact outside of our jurisdiction.  *See Ravlev v. INS*, 39 F.3d 320, 1994 WL 612561, at *2-3 (5th Cir. 1994) (reviewing change in country conditions under substantial evidence standard applied to factual findings); 5th Cir. R. 47.5.3 (unpublished cases issued before January 1, 1996, are precedential); *see also Thobhani v. Holder*, 2013 WL 5854790, at *1 (8th Cir. Nov. 1, 2013) (unpublished); *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th

3

Cir. 2008); *Tota v. Gonzales*, 457 F.3d 161, 165 n.8 (1st Cir. 2006) ("Findings as to changed circumstances are usually factual determinations.").

Second, relying on *Nijar v. Holder*, 689 F.3d 1077 (9th Cir. 2012), and *Matter of A-S-J*, 25 I&N Dec. 893 (BIA 2012), Beau-Soleil argues that the IJ lacked jurisdiction to terminate his derivative asylee status.  Because Beau-Soleil did not exhaust this issue before the BIA either on direct appeal or in a motion to reopen, we lack jurisdiction to consider it.  *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

The petition for review is DISMISSED.