# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2015

Lyle W. Cayce
Clerk

No. 14-60185
Summary Calendar

JEANETH GUADALUPE LEMUS, also known as Janet Guadalupe Guevara,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 031 717

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jeaneth Guadalupe Lemus, a native and citizen of El Salvador, challenges the Board of Immigration Appeals' (BIA) dismissing her appeal from the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Lemus claims the BIA erred in determining: her application for asylum was time barred; and she was ineligible for withholding of removal and relief

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60185

under CAT.   In reviewing the BIA's decision, we consider the underlying decision of the IJ to the extent that, as in this instance, it influenced that by the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

In claiming the BIA erred in determining her asylum application as time barred, Lemus maintains her belated filing is excused because of "changed circumstances" in El Salvador, i.e., an increase in gang violence.  Whether the BIA improperly weighed or ignored evidence regarding changed-conditions in El Salvador, or whether the evidence established changed country conditions, are questions of fact, and do not raise a constitutional or legal question.  *See Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 & n.1 (5th Cir. 2007).  Accordingly, the asylum claim is dismissed for lack of jurisdiction.  *See Zhu*, 493 F.3d at 594–95.

The BIA's determination that an alien is not eligible for withholding of removal or relief under CAT is reviewed under the substantial-evidence standard.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  The BIA's determination will be reversed only if "the evidence compels us to do so".  *Zhu*, 493 F.3d at 594.

Lemus asserts she is entitled to withholding of removal because she established she suffered past persecution (domestic abuse) by her former partner, Salazar, and has a well-founded fear that he will resume abusing her on return.   Lemus also claims she has shown a pattern or practice of persecution against victims of domestic violence in El Salvador.

The evidence does not compel a finding that, even if Lemus suffered past persecution due to her membership in a particular social group, she has a well-founded fear of future persecution.  *See, e.g., Zhu*, 493 F.3d at 594; *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); *see also* 8 C.F.R. § 1208.16(b)(1).  She has not shown a likelihood of future persecution because  she has not been

No. 14-60185

in a relationship with Salazar since 1995, when she married her current husband; the most recent incident of abuse by Salazar occurred in 1999, after her husband had left the country; no evidence supports finding Salazar continues to be interested in harming Lemus; and nothing shows Lemus could not live elsewhere in El Salvador. *See* § 1208.16(b). Likewise, the evidence does not compel a finding that Lemus demonstrated a pattern or practice of persecution. *See Zhu*, 493 F.3d at 594.

While evidence reflects there are problems in El Salvador regarding the treatment of women, the record supports its government has implemented measures to combat the issue; thus, the evidence does not support that the government countenances violence against women such that there is organized and pervasive persecution of domestic-violence victims. *See* 8 C.F.R. § 1208.13 (b)(2)(iii).

For purposes of relief under CAT, Lemus similarly fails to show the evidence compels finding she is more likely than not to be tortured if she returns to El Salvador. *See Zhu*, 493 F.3d at 594; 8 C.F.R. § 208.16(c)(2). She has not shown the probability that: Salazar, a non-state actor, would commit abuse rising to the level of torture; and the government would acquiesce in it. *See Chen*, 470 F.3d at 1141; 8 C.F.R. § 208.18(a)(1). Thus, the BIA's conclusion that Lemus was not eligible for relief under CAT is supported by substantial evidence. *See Zhu*, 493 F.3d at 594; *Chen*, 470 F.3d at 1143.

DISMISSED in part; DENIED in part.