# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60633
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2017

Lyle W. Cayce
Clerk

LABINOT KURTAJ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 653 543

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Labinot Kurtaj petitions for review of the denial by the Board of Immigration Appeals' (BIA) of his second motion to reopen his removal proceedings as untimely. He argues that his motion was not untimely because he presented evidence of changed circumstances arising in his native Kosovo material to his claim for asylum and related relief that was not available and could not have been discovered or presented at his 2007 removal hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60633

"The BIA's denial of a motion to reopen is reviewed for abuse of discretion and its factual findings are reviewed for substantial evidence." *Panjwani v. Gonzale*s, 401 F.3d 626, 632 (5th Cir. 2005).  A party may file only one motion to reopen deportation proceedings, which must be filed no later than 90 days after the date on which the final administrative decision was entered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2).  However, the time and numerical limitations for the filing of motion to reopen do not apply to motions that seek either to apply or to reapply "for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  § 1003.2(c)(3)(ii).  "In determining whether there has been a material change in country conditions, the BIA compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Zhenghao Liu v. Holder*, 457 F. App'x 446, 447 (5th Cir. 2012) (internal quotation marks omitted) (citing *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007)).

Substantial evidence supports the BIA's determination that Kurtaj's evidence, considered cumulatively with the evidence previously submitted, did not show that conditions in Kosovo changed materially to his claim for asylum. *See Panjwani*, 401 F.3d at 626.  His claim was based solely on his allegation that his life was threatened because he was a witness to a murder.  His prior testimony attempting to link those threats to his political opinion was deemed not credible.  Because the threats of harm were not based on Kurtaj's political opinion, the evidence he adduced of changes in the political climate in Kosovo is immaterial to his claim for asylum and did not entitle him to reopening. *See* § 1003.2(c)(3)(ii).

2

No. 15-60633

Substantial evidence further supports the BIA's decision that the documentation Kurtaj adduced described circumstances in Kosovo similar to those that existed at the time of his removal hearing, with no material change. *See Panjwani*, 401 F.3d at 626; § 1003.2(c)(3)(ii). Finally, the BIA's determination that his affidavits did not warrant reopening is supported by prior evidence that his attempt to inject a political dimension into his asylum claim was not credible. In light of the preceding, Kurtaj has not shown an abuse of discretion on the part of the BIA in denying his motion as untimely. *See* § 1003.2(c)(1); *Panjwani*, 401 F.3d at 632. We therefore do not reach the issue whether he has demonstrated prima facie eligibility for asylum and related relief based on a well-founded fear of persecution if removed to Kosovo.

PETITION DENIED.

3