# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2018

Lyle W. Cayce
Clerk

No. 16-60179

JOSE SANTOS MEJIA, also known as Jose Santos Zavala-Mejia,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals

Before KING, DENNIS, and COSTA, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Jose Santos Mejia petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings so that he could apply for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  For the following reasons, we dismiss the petition in part, for lack of jurisdiction, and deny the petition in part.

## I

Mejia, a native and citizen of Honduras, entered the United States on August 30, 2004, without having been admitted or paroled after inspection by an immigration officer.  Immigration authorities served Mejia in person with

No. 16-60179

a Notice to Appear (NTA) in removal proceedings and subsequently released him. The NTA did not provide a date for Mejia's hearing. When a hearing date was later set, a notice of the hearing was not sent to Mejia. In November 2004, an immigration judge (IJ) in Texas held an in absentia hearing, found Mejia subject to removal, and ordered him removed to Honduras. The removal order stated that Mejia did not receive notice of the hearing because he failed to provide his address to the immigration court. In November 2010, immigration authorities apprehended Mejia, and he was removed to Honduras on December 28, 2010.

Mejia reentered the United States in May 2011. In June 2014, immigration authorities again apprehended Mejia, and the Department of Homeland Security reinstated his prior removal order. Mejia claims that he did not receive a copy of the reinstatement order until October 24, 2014. Also on October 24, 2014—according to Mejia, before he received notice of the reinstatement of his prior removal order—Mejia filed a motion to reopen his prior removal proceedings in order to apply for asylum, withholding of removal, and protection under CAT. Mejia argued that his motion to reopen should be considered timely because he did not receive notice of his removal hearing and because, according to Mejia, country conditions in Honduras had materially changed.

The IJ denied Mejia's motion. The IJ concluded that Mejia was not entitled to notice of the 2004 removal hearing because he failed to provide a valid address to the immigration court. The IJ further found that Mejia failed to show a material change in country conditions. Finally, the IJ determined that Mejia was not eligible for reopening pursuant to the immigration court's authority to reopen sua sponte. Mejia appealed to the BIA, and the BIA upheld the IJ's denial of reopening for essentially the same reasons the IJ provided. Mejia now petitions this court for review of the BIA's decision.

No. 16-60179

## II

Mejia challenges the BIA's denial of his motion to reopen. Generally, a party may file one motion to reopen deportation proceedings no later than ninety days after the date on which the final administrative decision was entered in the proceedings. 8 U.S.C. § 1229a(c)(7)(A), (D)(i). Here, Mejia filed his motion to reopen in 2014, approximately ten years after the immigration court issued his prior removal order. His motion to reopen therefore did not comply with the ninety-day statutory deadline.

However, there are a number of exceptions pursuant to which a motion to reopen that does not meet the statutory deadline may be granted. Three such exceptions are relevant in the instant case. First, a motion to reopen on the basis that the alien did not receive proper notice of his initial removal proceeding can be filed at any time. § 1229a(b)(5)(C)(ii). Second, there is no time limit for a motion to reopen if it is made for purposes of applying for asylum or withholding of removal "based on changed country conditions arising in the country of nationality, if such evidence is material" and could not have been presented at the previous proceeding. § 1229a(c)(7)(C)(ii). "Finally, the BIA's regulations provide that, separate and apart from acting on the alien's motion, the BIA may reopen removal proceedings 'on its own motion'— or, in Latin, *sua sponte*—at any time." *Mata v. Lynch*, 135 S. Ct. 2150, 2153 (2015) (quoting 8 C.F.R § 1003.2(a)). Mejia contends that the BIA should have granted reopening on all three grounds.

## A

Mejia argues that the BIA abused its discretion in denying his motion to reopen because, he asserts, he was improperly denied notice of the hearing in his original removal proceedings. He challenges the BIA's finding that he did not provide his address to the immigration court and the BIA's conclusion that

he was therefore not entitled to notice. We conclude, however, that we lack jurisdiction to consider this claim.

"This court must examine the basis of its jurisdiction, on its own motion if necessary." *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citing *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000)). Under this court's precedent, we lack jurisdiction to consider a collateral attack on an underlying order of removal unless the petitioner demonstrates that he has exhausted administrative remedies and that the initial removal proceedings constituted a "gross miscarriage of justice." *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 514 (5th Cir. 2006). "Though this court has announced no precise standard for what constitutes a gross miscarriage of justice, we have held that there is no gross miscarriage where the petitioner failed to contest his removability in prior proceedings." *Martinez v. Johnson*, 740 F.3d 1040, 1042 (5th Cir. 2014) (citing *Ramirez-Molina*, 436 F.3d at 514–15).

Mejia was removed to Honduras pursuant to his prior removal order in 2010. His claim regarding lack of notice in his prior removal proceedings, presented in his motion to reopen, is essentially a collateral attack on the prior removal order. *See Ramirez-Molina*, 436 F.3d at 514 (a challenge to an already-executed initial removal order on the grounds that the initial order was invalid is a collateral attack on the initial removal order). As Mejia conceded at oral argument, he did not contest his removability or otherwise challenge his removal order at any time prior to his removal to Honduras. Because he cannot show that he contested his removability in his prior removal proceedings, even after he was apprehended, Mejia cannot establish a gross miscarriage of justice. *See id.* Accordingly, we lack jurisdiction over Mejia's collateral challenge to the prior removal order. *Id.*

No. 16-60179

**B**

Mejia contends that the BIA abused its discretion in denying his motion to reopen because, he claims, conditions in his country of origin had materially changed. "In determining whether there has been a material change in country conditions, the BIA compares 'the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Zhenghao Liu v. Holder*, 457 F. App'x 446, 447 (5th Cir. 2012) (quoting *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007)).

Here, the BIA agreed with the IJ that Mejia failed to show changed conditions in Honduras, concluding that Mejia's new evidence regarding current conditions in Honduras established only a "continuation of essentially the same conditions" of "gang violence, crime, and extortion." In his petition for review, Mejia contends that his evidence, in fact, shows a "steady increase in both gang-related violence and the Honduran government's inability or unwillingness to effectively deal with that violence."

We conclude that we lack jurisdiction over this claim as well. Under 8 U.S.C. § 1231(a)(5):

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

Section 1231(a)(5) therefore limits this court's jurisdiction to reopen or review a reinstated order of removal. *Martinez v. Johnson*, 740 F.3d 1040, 1042 (5th Cir. 2014).

Mejia contends that § 1231(a)(5) does not apply to his motion to reopen because, according to him, he only received notice of the reinstatement order after he had filed his motion to reopen. Thus, he claims, the reinstatement

5

order "fell second to the motion and does not preclude it."  Mejia also complains that the Government did not argue before the BIA that § 1231(a)(5) applied to his motion, and asserts that, therefore, this court cannot consider it.

These arguments are unavailing.  First, § 1231(a)(5) expressly provides that a prior order of removal is reinstated "from its original date" and "is not subject to being reopened."  This language leaves no room for Mejia's argument that § 1231(a)(5)'s mandate does not apply to reopening proceeding that are pending at the time of the reinstatement.  Second, Mejia's objection that the Government did not raise this issue before the BIA is irrelevant, as § 1231(a)(5)'s limitations are jurisdictional, *Martinez*, 740 F.3d at 1042, and we are required to adhere to them regardless of the parties' arguments before the BIA or before us.

While the language of § 1231(a)(5) would appear to completely deprive the courts of jurisdiction to review or reopen reinstated removal orders, another statutory provision, 8 U.S.C. § 1252(a)(2)(D), preserves this court's jurisdiction to review "constitutional claims or questions of law raised in a petition for review."[1]  *Martinez,* 740 F.3d at 1042 (citing § 1252(a)(2)(D)).  Mejia's claim that the BIA did not properly assess his evidence of changed country conditions in Honduras pertains to a question of fact.  *See Zhu v. Gonzales,* 493 F.3d 588, 595–96 & n.31 (5th Cir. 2007) (this court lacks jurisdiction to review determinations based on assessment of facts and circumstances of a particular case, including in the context of changed conditions); *see also Lemus v. Lynch,* 611 F. App'x 813, 815 (5th Cir. 2015)

---

[1] Section 1252(a)(2)(D) provides:

Nothing . . . in any . . . provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

No. 16-60179

("Whether the BIA improperly weighed or ignored evidence regarding changed-conditions in El Salvador, or whether the evidence established changed country conditions, are questions of fact, and do not raise a constitutional or legal question."); *Beau-Soleil v. Holder*, 548 F. App'x 161, 162 (5th Cir. 2013) ("[W]hether conditions in a country have changed and the examination of those conditions present issues of fact outside of our jurisdiction."). Thus, we lack jurisdiction to consider this claim by Mejia. *See* § 1231(a)(5); § 1252(a)(2)(D); *Zhu*, 493 F.3d at 595–96.

## C

Mejia challenges the BIA's conclusion that he was not eligible for sua sponte reopening. As Mejia acknowledges, this court lacks jurisdiction to review the BIA's discretionary decision not to invoke its sua sponte authority to reopen a case because there is "no legal standard against which to judge" that decision. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004). Mejia argues, however, that the BIA deprived him of due process by mischaracterizing the facts of the case and disregarding his claims. Because Mejia raises a constitutional claim, for which there is a governing legal standard, this court has jurisdiction to consider it. *Cf. id.* Mejia's contention that the BIA violated his due process rights is unavailing, however, as this court has held that an alien has no liberty interest in a motion to reopen and therefore cannot establish a due process violation in the context of reopening proceedings. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550–51 (5th Cir. 2006).

## D

Mejia makes a number of other claims that cannot, on their own, support reopening. He asserts that the BIA ignored a statement by the IJ that his motion to reopen would be denied as a matter of discretion "even assuming changed country conditions," and he challenges this statement as based on a

7

legal error.  Because, as previously explained, we lack jurisdiction to review the BIA's determination that Mejia has not established a material change in country conditions, we need not address this claim.

Next, Mejia argues that he has established his eligibility for asylum, withholding of removal, and protection under CAT.  To the extent he maintains that meritorious claims of eligibility for relief independently entitle him to reopening beyond the statutory deadline, Mejia cites no authority and provides no explanation for this proposition.  Any such argument is therefore forfeited. *See, e.g.*, *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (deeming a party's challenge forfeited for inadequate briefing).

Finally, Mejia contends that the BIA violated "established motion procedure" when it denied his motion to reopen because, he argues, he established prima facie eligibility for relief.  However, to the extent Mejia contends that a prima facie case for relief can serve as an exception to the ninety-day filing deadline for motions to reopen, he provides no support for such a proposition.

### III

For the foregoing reasons, the petition is DISMISSED in part and DENIED in part.